### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE HOBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-147 CAS |
| | ) | |
| UNKNOWN MADISON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on the motion of Maurice Hobson (registration no. 1067025), an inmate at Northeast Correctional Center, for leave to commence this action without payment of the required filing fee.  For the reasons stated below, the Court finds that Plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00.  See 28 U.S.C. § 1915(b)(1).  Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to

the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Plaintiff has filed a document stating that he has attempted to obtain a certified copy of his prison account statement but that the officials have refused to provide him with one.  When a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."  Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997).  In this instance, the Court will assess an initial partial filing fee of $1.00.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

### The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983.  Named as Defendants are Unknown Madison (Correctional Officer, Eastern Reception Diagnostic and Correctional Center ("ERDCC")),

Unknown Feller (same), Joe Hoffmers (Assistant Warden, ERDCC), and Sherry Brewer (Caseworker, ERDCC).  At all times relevant to the complaint, Plaintiff was incarcerated at ERDCC.

Plaintiff alleges that on May 9, 2012, "during a diagnostic property inventory," Defendant Madison removed Plaintiff's "legal material and handwritten Affidavites [*sic*] filed in the court record, evidences [*sic*] that I believe would have possibly gain me relief from this wrongful confinement."  Complaint at 5.  Madison allegedly told Plaintiff to have these materials shipped to his home because they did not qualify as legal materials.  Plaintiff says he complained to Feller but that Feller took Madison's side.  Id.

Plaintiff asserts he then wrote a complaint to Defendant Brewer.  Plaintiff told Brewer that the legal materials that were taken were materials his family had printed from the computer by interest groups regarding case law and some mental evaluation documents.  Id. at 6.  Plaintiff also filed an IRR seeking the return of his property.  Id. at 7.

When he did not get his property back right away, Plaintiff informed Defendant Brewer that he was charging her and other prison staff $1,000 per day for each day starting May 9, 2012, for illegally seizing and reading his materials.  Id.

Plaintiff also alleges that Defendant Hoffmers "has turn a blind eye to this unconstitutional conduct his staff has committed making him just as guilty as the officers."  Id. at 8.

### Discussion

The complaint is silent as to whether Defendants are being sued in their official or individual capacities.  Where a "complaint is silent about the capacity in which [Plaintiff] is suing Defendant, [a district court must] interpret the complaint as including only official-capacity claims."  Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429,

3

431 (8th Cir. 1989).  Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri.  <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989).  "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983."  <u>Id.</u>  As a result, the complaint fails to state a claim upon which relief can be granted.

     "To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims."  <u>Myers v. Hundley</u>, 101 F.3d 542, 544 (8th Cir. 1996).  In this case, Plaintiff has not alleged any injury to a pending or contemplated legal claim.  As a result, his access to the court claim fails as a matter of law.

     "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."  <u>Madewell v. Roberts</u>, 909 F.2d 1203, 1208 (8th Cir. 1990); <u>see also</u> <u>Martin v. Sargent</u>, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); <u>Boyd v. Knox</u>, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).  In the instant action, Plaintiff has not set forth any facts indicating that Defendant Hoffmers was directly involved in or personally responsible for the alleged violations of his constitutional rights.  As a result, the complaint fails to state a claim upon which relief can be granted as to Hoffmers for this reason as well.

     Accordingly,

     **IT IS HEREBY ORDERED** that Plaintiff's motion to proceed in forma pauperis is **GRANTED**.  [Doc. 2]

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.


**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  13th  day of March, 2013.